## L. P. CONVERSE *v.* COMMONWEALTH.

**Criminal Law—Obtaining Property by False Pretense—Indictment.**

The indictment in this case clearly charges that the defendant willfully and knowingly misrepresented the number and quality of the watches and chains contained in the box, and the genuineness of the note on Goodwin.

**Held,** that by said misrepresentation as to the value of the property delivered he deceived Elrod as to his ability to repay the loaned money; hence the offense was sufficiently charged.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

June 23, 1871.

OPINION BY JUDGE LINDSAY:

The indictment in this case charges that Converse, by delivering to John C. Elrod a box which he, the said Converse, falsely, fraudulently and feloniously represented and pretended contained six gold watches and chains, and by delivering to said Elrod a paper purporting to be a note for over six hundred dollars on one Goodwin, and by falsely, fraudulently and feloniously representing that said note was genuine, and that Goodwin did business at No. 220 East Randolph street, in the city of Chicago, and that he was solvent and good, did obtain from Elrod money, notes and national bank bills to the amount of four hundred and seventy-five dollars, which amount of money Elrod was induced to part with by reason of his believing and relying upon the aforesaid representations of Converse, all of which were untrue, and so known to be to Converse at the time they were

made. The box delivered contained but four watches and three chains instead of six of each, and the same not being gold as represented, and the note on Goodwin, not being genuine, but a forgery, which false, fraudulent and felonious representations it is charged were made by Converse for the purpose and with the intent of defrauding the said Elrod. Upon a trial the appellant was convicted. He here asserts that his motion in arrest of judgment should have been sustained, because of the fact that the indictment does not charge that by the delivery of the box of watches and chains, or of the note on Goodwin, it was intended that Elrod should take any interest in either of them. That it is not charged that Converse sold the same to Elrod, or that he pledged them to him as a security for the money obtained, and hence that his representations concerning the contents of the box, and the genuineness of the note, however false they may have been, were not sufficient to constitute the offense of obtaining money or property by a "false pretense or token." This objection would be available if it were necessary to make the offense contemplated by the statute complete, that the party defrauded should take an interest, or be induced to believe that he was acquiring an interest in the property concerning which the false and fraudulent representations may have been made. In our opinion the statute does not admit of such construction.

. Wharton says: "The rule may be broadly stated that any designed misrepresentation of the defendant's means, by which he obtains the goods of another, is within the statute. (*Amer. Crim. Law, 720*).

Any wilful misrepresentation concerning the party's means, or estate, calculated to give him credit, and by which he is enabled to impose upon a person of ordinary caution is likewise within the statute.

Where the accused falsely represented that he had a capital of two thousand dollars, and by that means obtained the property of the prosecutor, it was held to be within the act. *Comlth. v. Poulson, 6th Penn. Law Journal 272.* And so where a minor fraudulently obtained goods, by falsely representing himself to be a joint owner with his father of a number of cows and other stock on a neighboring farm. *People v. Kendall, 25th Wendell 399.*

The indictment in this case clearly charges that the defendant wilfully and knowingly misrepresented the number and quality of the watches and chains in the box, and the genuineness of the note on Goodwin, and by said misrepresentations as to the value of the property delivered he deceived Elrod as to his ability to repay the loaned money, and by and through this deception induced the latter to make the loan. Hence we conclude that the offense was sufficiently charged, and that the motion in arrest of judgment was properly overruled.

The instructions given at the instance of the commonwealth attorney are as favorable to the appellant as the law and facts of the case would admit. The instruction asked for by the appellant and modified by the court is not copied into the bill of exceptions, consequently we can not determine as to the propriety of the court's action. The objection that the verdict of the jury is contrary to the evidence can not be considered by this court, as we have no power to reverse on this ground.

Judgment affirmed.

*Bramlette, Durrett, for appellant.*

*Attorney General, for appellee.*